IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **STEVEN M. EDWARDS,** | Civil Action No. _____ |
| Plaintiff, | NOTICE OF REMOVAL |
| v. | (Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446) |
| **AMERICAN CREDIT ACCEPTANCE, LLC,** | |
| Defendant. | February 11, 2026 |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1367, 1441, and 1446, American Credit Acceptance, LLC ("ACA"), appearing specially to preserve all defenses available under Fed. R. Civ. P. 12, and all defenses under the federal laws of bankruptcy, gives notice of removal of the state court civil action captioned *Edwards v. American Credit Acceptance*, Docket Number Pending, commenced in the Connecticut Superior Court, Judicial District of Danbury at Danbury, Connecticut, to the United States District Court for the District of Connecticut.[1] A copy of the summons and complaint are attached hereto as **Exhibit A**.

### Introduction

1.  Steven M. Edwards purportedly initiated this case by way of a complaint captioned before the Connecticut Superior Court, Judicial District of Danbury at Danbury. **Exhibit A**.

2.  In his complaint, Edwards alleges that ACA had a "fraudulent account" reported on his credit report. (Compl. ¶ 1.) Edwards also alleges that the account, a car loan, was opened

---

[1] As of the filing hereof, it does not appear that the Plaintiff, Steven M. Edwards, filed his summons and complaint in the Connecticut Superior Court. Undersigned counsel will continue to monitor the Superior Court's public, online docket system, and, once the Connecticut Superior Court assigns a docket number, undersigned counsel will provide the docket number to this Court. In addition, undersigned counsel will send the notice of removal to clerk of the Connecticut Superior Court, Judicial District of Danbury at Danbury, for notice and filing purposes.

1

on or about September 6, 2024, but that Edwards did not open that account and that he could not have done so due to his incarceration since August 2008. (Compl. ¶ 6.)

3.  Edwards further alleges that, despite attempts to contact ACA to have the "fraudulent account" removed, ACA persisted in telling Edwards that the "account is legitimate, and not fraudulently opened." (Compl. ¶ 3.)

4.  Edwards asserts a claim under the Fair Credit Reporting Act ("FCRA") against ACA. He also asserts state law claims for defamation, negligence, and violation of a "Consumer Protection Act." (Compl. ¶ 8.)

5.  In his complaint, Edwards seeks injunctive relief, compensatory damages of $25,000, and punitive damages of $35,000.

## Federal Question Jurisdiction

6.  This Court has federal question jurisdiction. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based on a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7.  This case is removable under 28 U.S.C. § 1441(a) because federal question jurisdiction is present. Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8.  This is a civil action arising under the Constitution, laws, or treaties of the United States because Edwards is asserting a claim against ACA based on an alleged violation of the

federal FCRA, 15 U.S.C. § 1681, *et seq*. Therefore, Edward's FCRA claim arises under the laws of the United States and could have been originally filed in this Court.

## Supplemental Jurisdiction

9. This Court should also exercise supplemental jurisdiction over Edwards' state law claims, because they form part of the same case or controversy as his FCRA claim.

10. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), says:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

11. Edwards' state law claims for defamation, negligence, and violation of a "Consumer Protection Act" relate to the same alleged activity that forms the basis for his FCRA claim: alleged reporting of a "fraudulent account" on his credit report.

12. ACA expressly consents to this Court's jurisdiction over Edwards' state law claims and any other state law claim arising out of his complaint that forms part of the same case or controversy.

13. Therefore, supplemental jurisdiction is appropriate for Edwards' state law claims because they are related to his federal question claim, and thereby form part of the same case or controversy.

14. Accordingly, removal is proper under 28 U.S.C. § 1441(a).

## Adoption and Reservation of Defenses

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of ACA's rights to assert any defense or affirmative matter, including, but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims or parties; (6) failure to state a

claim: (7) failure to join indispensable parties; (8) that Edwards' claims are barred by *res judicata* and/or collateral estoppel; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## Procedural Requirements

16. This case is a civil action under the acts of Congress relating to removal.

17. ACA is filing this notice of removal under 28 U.S.C. § 1446, within 30 days from January 12, 2026, the date ACA was served with a copy of the complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .").

18. Copies of "all process, pleadings, and orders" filed to date are composite at **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There have been no other process, pleadings, or orders served on ACA to date.

19. The United States District Court for the District of Connecticut is the court and division embracing the place where this case is pending in state court.

20. Under 28 U.S.C. § 1446(d), along with filing this notice of removal, ACA has filed a copy with the clerk of the Connecticut Superior Court, Judicial District of Danbury at Danbury, and a notice of filing notice of removal. ACA has also served Edwards with written notice of filing this notice of removal.

21. ACA hereby designates Bridgeport, Connecticut as the place of trial.

**THEREFORE**, ACA prays that this Court take jurisdiction over this case and issue all necessary orders and process to remove this case from the Connecticut Superior Court, Judicial District of Danbury at Danbury, to the U.S. District Court for the District of Connecticut.

Respectfully submitted this 11th day of February, 2026.

DEFENDANT,
AMERICAN CREDIT ACCEPTANCE, LLC


By:  /s/ Jonathan J. Kelson
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP
Jonathan J. Kelson (ct26755)
jkelson@dmoc.com
1010 Washington Blvd., Suite 800
Stamford, CT 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321


STINSON LLP
Brett A. Shanks*
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Telephone: (816) 691-3150
Facsimile: (816) 412-9311
brett.shanks@stinson.com
**Pro hac vice* application to be filed

*Counsel for Defendant, American Credit Acceptance, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, a true and correct copy of the foregoing has been served on the following through first-class, USPS mail, postage prepaid, on this 11th day of February, 2026:

Steven M. Edwards
FCI Danbury
33½ Pembroke Rd.
Danbury, CT 06811

By: /s/ Jonathan J. Kelson
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP
Jonathan J. Kelson (ct26755)
jkelson@dmoc.com
1010 Washington Blvd., Suite 800
Stamford, CT 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321